# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-313V
### Filed: April 19, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

KAREN RYF,                      *

                          *

         Petitioner,         *      Damages Decision Based on Proffer;

                          *      Influenza Vaccine ("Flu Vaccine");

                          *      Shoulder Injury Related to Vaccine

SECRETARY OF HEALTH         *      Administration ("SIRVA");

AND HUMAN SERVICES,         *      Special Processing Unit ("SPU")

                          *

         Respondent.       *

                          *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Sedar, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.*
*Sarah Duncan, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

     On March 26, 2015, Karen Ryf filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program").  Petitioner alleged that she suffered injuries causally related to the influenza vaccine she received in her left deltoid on October 29, 2013.  Petition, ¶¶ 1, 13.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

     On June 5, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation.  On April 19, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $15,479.90 for past and future lost earnings, $125,000.00 for projected and actual pain and suffering, and $1,144.50 for past unreimbursable expenses for a total award of $141,624.40.  Proffer at 1-2.  In the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*
Based on the record as a whole, the undersigned finds that petitioner is entitled to an
award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards
petitioner a lump sum payment of $141,624.40 in the form of a check payable to
petitioner, Karen Ryf.  This total award represents $15,479.90 in lost earnings,
$125,000.00 in pain and suffering, and $1,144.50 in unreimbursable expenses.**
This amount represents compensation for all damages that would be available under
§ 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this
decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice
renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| KAREN RYF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 15-0313V |
| v. | ) | Chief Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**     **Items of Compensation**

    A.     Lost Earnings

The parties agree that based upon the evidence of record, Karen Ryf has suffered past and future loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Karen Ryf a lump sum of $15,479.90 for her past and future lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

    B.     Pain and Suffering

Respondent proffers that Karen Ryf should be awarded $125,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Karen Ryf's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,144.50, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to Karen Ryf should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $141,624.40, representing compensation for lost earnings ($15,479.90), pain and suffering ($125,000), and past unreimbursable expenses ($1,144.50), in the form of a check payable to petitioner, Karen Ryf.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Karen Ryf:                    **$ 141,624.40**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ Sarah C. Duncan
Sarah C. Duncan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  April 19, 2016